IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rodney R. Moore, | ) | C/A No.: 6:18-624-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Chief Beatty, Scarlett Wilson, | ) | |
| | ) | |
| Respondents. | ) | |

Rodney R. Moore (Petitioner) proceeding pro se and *in forma pauperis* brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to a magistrate judge for review.

**I.  PROCEDURAL BACKGROUND**

Petitioner filed his petition on March 7, 2018. (ECF No. 1). On March 14, 2018, the Magistrate Judge issued an order directing Petitioner to bring his case in proper form for service. (ECF No. 6). Petitioner failed to bring his case into proper form. On March 30, 2018, the Magistrate Judge issued a second order instructing Petitioner to bring his case into proper form. (ECF No. 10). Petitioner again failed to bring his case into proper form.

On April 24, 2018, the Magistrate Judge issued an order directing Petitioner to bring his case into proper form and also advised petitioner that his petitioner was subject to

dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 13). On May 7, 2018, the April 24, 2018 order was returned as undeliverable. (ECF No. 15).

On May 11, 2018, the Magistrate Judge issued a Report and Recommendation (Report), recommending that Petitioner's case be dismissed without prejudice. (ECF No. 18). Petitioner filed an objection (Objection) to the Report on May 29, 2018. (ECF No. 21). Thus, this matter is ripe for review.

## II. LEGAL STANDARD

The Magistrate Judge assigned to this action[1] prepared a thorough Report and recommends that Petitioner's case be dismissed without prejudice for failure to prosecute and failure to comply with this court's orders pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 18). *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b);

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis

added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

III.  ANALYSIS

In his one sentence Objection to the Magistrate's Report, Petitioner has made no specific objection to the Magistrate's Report. *See* (ECF No. 21). Petitioner does not direct this court to any specific error by the Magistrate Judge. *Id.* To the contrary, Petitioner merely cites to legal authorities and makes a conclusory allegation that does not direct the court to a specific error. Petitioner total objection states the following: "Partie objection to this Report and Recommendation is lack of evidence in re wright 826 F3d 774 4th cir 2016, Houston v. Lack 487 U.S. 266 (1988 Civil action no. 6:18-cv-624-JFA-KFM."

The Report discusses Petitioner's failure to respond to the court's orders and failure to bring his case into proper form. The Report does not discuss any "lack of evidence." Without specific objections to the Report, this Court is not required to give an explanation for adopting the Magistrate's recommendation. *See Camby*, 718 F.2d at 199.

The magistrate Judge has allowed Petitioner ample time and opportunity to respond to the court's orders and Plaintiff has failed to do so. It appears that Petitioner meets all of the criteria for dismissal under Rule 41(b). *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, the court finds the Magistrate Judge's recommendation fairly and accurately

4

summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's recommendation (ECF No. 18). Therefore, Petitioner's petition is dismissed without prejudice for failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

July 10, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge